UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

WILLARD MALLARD,

   Defendant.

Case No. CR03-14P

This matter comes before the court on Remand from the Ninth Circuit[1] and on the Court's Procedural Orders (CR03-14MJP, Dkt. No. 95). The court must now determine whether the sentence imposed would have been materially different had the District Court known that the Sentencing Guidelines were advisory, and not mandatory. The burden of proof is set out in the procedural order.

The Court has considered, in addition to the Ninth Circuit's unpublished opinion, the following:

   (1)   the presentence report;

   (2)   sentencing memoranda;

   (3)   the judgment;

   (4)   the file and events of the entire proceeding;

---

[1] United States v. Willard Hardin Mallard, 9th Cir. No. 04-30507

OPINION AND ORDER - 1

1    (5) all memoranda filed in support of and in opposition to, resentencing.

2    <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005), directs that the District Court
3    determine whether a "materially different" sentence would have been imposed, had the District Court
4    known that the sentencing guidelines were advisory only. <u>Ameline</u> did not define "materially different
5    sentence." The point from which a sentence is viewed becomes significant in applying that term to an
6    existing sentence. For example, while a prosecutor may argue that one month off a 360-month
7    sentence is not material, a defendant completing his 359th month of a 360-month sentence would
8    likely find the same one month highly material.

9    The <u>Ameline</u> dissent, at pp. 1096-97, in discussing a "materially different sentence," speaks in
10   terms of "denial of substantial rights," or "that the probability of a different result is sufficient to
11   undermine confidence in the outcome of the proceedings."

12   Black's Law Dictionary defines "material" as "having some logical connection with the
13   consequential facts" and "of such nature that knowledge of the item would affect a person's decision
14   making; significant, essential." Regardless of which definition of "material" one accepts, the result in
15   this case would be the same.

16                                    ANALYSIS

17   Defendant Mallard was convicted, by plea, of armed bank robbery pursuant to Title 18 United
18   States Code §2113(a) and (d) and one count of using a firearm during a crime of violence pursuant to
19   Title 18 United States Code §924(c). He also confessed to three additional bank robberies in the
20   State of Oregon, but was not convicted for these offenses. Mr. Mallard was sentenced to 87 months
21   in prison on the bank robbery counts and 84 months on the firearm count, with the sentence on the
22   firearm count to run consecutively to the sentence imposed on the bank robbery accounts. This
23   yielded a total sentence of 171 months.

24   The Court, at sentencing, acknowledged the mandatory nature of the guidelines, and the fact
25   that the guidelines disfavor downward departures based on family circumstances. (Def's Mem. at 3).
26   Accordingly, the Court denied Mr. Mallard's motion for a downward departure. The Court

OPINION AND ORDER - 2

sentenced the defendant to a sentence at the low end of the range on the robbery counts. Defendant now raises the issue that the Court should have considered the circumstances and characteristics of Mr. Mallard under 18 U.S.C. § 3553(a), but did not because the Court erroneously viewed the Guidelines as mandatory. In a system where the Guidelines are advisory, Defendant argues that it would be appropriate to consider his youth, family situation, race, economic status, and other hardships that Mr. Mallard has endured.

The Court has reviewed the full record of this case, including the Ninth Circuit's Order on remand, however, and determines that even if it had considered Mr. Mallard's personal characteristics, family situation, and unique hardships, it would not have imposed a materially different sentence. Mr. Mallard has committed multiple serious offenses while armed. Nonetheless, the Court chose to sentence Mr. Mallard at the low end of the possible sentencing range, in part because the Court acknowledged that Mr. Mallard had, perhaps, made a youthful mistake. (Def's Mem. at 3). Therefore, it is now **ORDERED** that:

This Court's Order finding that there would be no material difference in Mr. Mallard's sentence had the Court considered factors that were previously disfavored or forbidden by the Guidelines be officially placed on the record, pursuant to the Ninth Circuit's directive in Ameline, 409 F. 3d at 1085.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of January, 2006.

Marsha J. Pechman
United States District Judge